EASTERN PENNSYLVANIA POWER COMPANY, PROSECUTOR, v. STATE BOARD OF TAXES AND ASSESSMENT ET AL., DEFENDANTS.

Submitted October 15, 1926—Decided January 19, 1927.

1. Under the Franchise Tax act known as the Voorhees Franchise Tax act (*Pamph. L.* 1900, *p.* 502, as amended by *Pamph. L.* 1917, *p.* 43, § 4), the miles of wire and not the pole length on the high-

way are to be used by the state board of taxes and assessment as the determining factor in ascertaining the franchise tax to be paid by the prosecutor.

2. It is a license tax and no constitutional objection lies in the way of a legislative body prescribing any mode of measurement to determine the amount it will charge for the privilege it bestows.

On *certiorari.*

Before Justices BLACK and CAMPBELL.

For the prosecutor, *King & Vogt.*

For the state board of taxes and assessment, *Francis H. McGee,* assistant attorney-general, and *Edward L. Katzenbach,* attorney-general.

For the town of Phillipsburg and borough of Alpha, *Sylvester C. Smith, Jr.*

For the township of Knowlton, *Egbert Rosencranz.*

For the townships of Pohatcong and Lopatcong, *William P. Tallman.*

The opinion of the court was delivered by

BLACK, J.   The only point involved in this case for consideration and decision is the construction of the Franchise Tax act (*Pamph. L.* 1900, *p.* 502), known as the Voorhees Franchise Tax act, as amended by *Pamph. L.* 1917, *p.* 43, § 4.

The prosecutor was assessed by the state board of taxes and assessment for the year 1925 for a franchise tax amounting to $11,464.86.  This was based upon a proportion of the gross receipts for the year ending December 31st, 1924, upon $229,297.14 at the rate of five per cent. equals $11,464.86. It is the contention of the prosecutor that the length of the pole line on the highway should be used in the computation of the tax, rather than the length or miles of wire.  The state board using the length of the wire, rather than the length of the pole line, as the determining factor in ascer-

taining the prosecutor's tax. The difference in the method of computation is $2,054.05. As calculated, the pole line is 132.417 miles in length, as contrasted with the wire length of 429.840 miles. The percentage of the length of the pole line on the public highways to the total length of the pole line is 27.35925 per cent., as contrasted with the wire mileage of 45.513 per cent.; thus making the difference in the computation. The only question involved is the amount of the tax to be paid by the prosecutor, and this, in turn, involves the method to be employed in computing the tax. In the statute as amended (*Pamph. L.* 1917, *p.* 43, § 4) the words "lines, wires or mains" are used seven times in that section of the statute; then it provides: "The franchise tax of such person," &c., * * * "shall be upon such proportion of such gross receipts as the length of the lines, wires or mains in this state along, in, on or over any street, highway, road, lane or other public place bears to the length of the whole line, wires or mains." It seems to us that the legislature has used language so plain, it calls for no construction, except to give the plain meaning to the words used in the statute, viz., in ascertaining the proportion of the company's revenue upon which the tax is to be calculated, the board shall use, and did use, the length of the prosecutor's wires and not the pole line. The prosecutor attempts, by interpretation, to make the words of the statute say what they do not mean.

The tax imposed under this statute is a license tax pure and simple. *North Jersey Street Railway Co.* v. *Jersey City,* 73 *N. J. L.* 481; *affirmed,* 74 *Id.* 761; *Honduras Commercial Co.* v. *State Board,* 54 *Id.* 278. As was said by the Supreme Court of the United States: "No constitutional objection lies in the way of a legislative body prescribing any mode of measurement to determine the amount it will charge for the privilege it bestows." *Home Insurance Co.* v. *New York State,* 134 *U. S.* 594.

The tax is therefore confirmed, and the judgment of the state board of taxes and assessment is affirmed.